**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **DAVID M. BATHGATE, on behalf of himself and all other employees similarly situated,** **Plaintiff** | : | |
| **v.** | : | CA 06 456T C.A. No. 06- |
| **RHODE ISLAND BUREAU OF INVESTIGATION AND PROTECTION, LTD., BENJAMIN LUPOVITZ, SANFORD P. LUPOVITZ, and MICHAEL BRUGNOLI,** **Defendants** | : | |

**COMPLAINT**

**I. Introduction**

1. This is an action brought by the Plaintiff, David M. Bathgate, on behalf of himself and other similarly situated employees, against his former employer, Defendants Rhode Island Bureau of Investigation and Protection, Ltd., Benjamin Lupovitz, Sanford P. Lupovitz, and Michael Brugnoli, seeking compensatory, punitive, and liquidated damages, as well as attorneys' fees, litigation expenses and other equitable relief, arising out of the unlawful failure to pay wages and overtime compensation owed to Plaintiff in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., the Rhode Island Minimum Wage Act ("RIMWA"), R.I.G.L. §28-12-1, *et seq.* and §28-14-1, *et seq*., and for Defendants' unlawful retaliatory conduct in violation of the FLSA and the Rhode Island Whistleblowers' Protection Act ("RIWPA"), R.I.G.L. § 28-50-1 *et seq.*

## II. Parties

2. The Plaintiff, David M. Bathgate, at all times relevant to this action, was a resident of the Town of Killingly, County of Windham, State of Connecticut, and was an employee, within the meaning of 29 U.S.C. §203(e)(1) of the FLSA, of the Defendants.

3. Defendant Rhode Island Bureau of Investigation and Protection, Ltd. ("RIBIP") is a corporation duly organized and incorporated pursuant to the laws of the State of Rhode Island, and maintains a regular place of business in the City of Providence, County of Providence, State of Rhode Island. At all relevant times, said Defendant was engaged in the practice of private security and investigation in the stream of interstate commerce, and was the Plaintiff's, as well as all other similarly situated employees, employer within the meaning of 29 U.S.C. §203(d).

4. Defendant Benjamin Lupovitz, at all times relevant to this action, was the president of and had operational control over Defendant RIBIP, and was therefore also the Plaintiff's, as well as all other similarly situated employees, employer within the meaning of 29 U.S.C. §203(d). *See Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991), *and cases cited therein.*

5. Defendant Sanford P. Lupovitz, at all times relevant to this action, was employed by and had operational control over Defendant RIBIP, and was therefore also the Plaintiff's, as well as all other similarly situated employees, employer within the meaning of 29 U.S.C. §203(d). *See Dole*, 942 at 965, *and cases cited therein.*

6. Defendant Michael Brugnoli ("Brugnoli"), at all times relevant to this action, was the vice president of operations of and had operational control over Defendant RIBIP, and was therefore also the Plaintiff's, as well as all other similarly situated employees, employer, within the meaning of 29 U.S.C. §203(d). *See Dole*, 942 at 965, *and cases cited therein.*

## III. Jurisdiction

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1367, 2201 and 2202 and 29 U.S.C. §216(b).

## IV. Venue

8. Venue is proper in this Court insofar as Defendants are doing business and therefore are deemed to reside in the District of Rhode Island, in compliance with the requirements set forth in 28 U.S.C. §1391.

## V. Material Facts

9. Defendants employed the Plaintiff as a field manager until his employment was terminated on or about June 30, 2006. As field manager, the Plaintiff was required to physically audit client sites to insure compliance with client and employer procedures; secure replacement personnel, which included filling in on various guard posts himself, for vacancies resulting from employee absenteeism and scheduling errors; interact with client designated agents and upper level RIBI management in emergency situations at client sites; assist appropriate law enforcement, fire department, and emergency medical personal during emergency situations occurring at client sites; prepare various company reports and required paperwork; identify and communicate to upper management potential areas of difficulty relative to clients and/or RIBI employees that may negatively impact RIBI's interests; direct guard force; general resolution of conflicts within the guard force; and, communicate any relative information to his contemporary on the following shift.

10. Over several years, Defendants employed similarly situated employees in various occupations in connection with the business of Defendants.

11. In the performing their functions as employees of the Defendants, Plaintiff and other similarly situated employees, were engaged in commerce within the meaning of Sections 3(b), 3(i), 3(j), and 6(a) and 7(a) of the FLSA.

12. Both the FLSA and the RIMWA require an employer to pay its employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in any one workweek. 29 U.S.C. § 207(a)(1); R.I.G.L. §28-12-4.1.

13. Throughout the course of their employment by the Defendants, the Plaintiff and other similarly situated employees, were paid on an hourly basis.

14. During the duration of their employment with the Defendants, Defendants required the Plaintiff, and other similarly situated employees, to work in excess of forty (40) hours but failed to pay them at rates not less than one and one-half times the regular rates at which they were employed, contrary to both 29 U.S.C. § 207(a)(1) and R.I.G.L. §28-12-4.1.

15. In July of 2005, the Plaintiff informed his immediate supervisor, Richard Gardner, Defendant's operations manager, that he did not receive any overtime compensation for hours worked over forty (40) for several different workweeks.

16. On or around September 22, 2005, the Plaintiff filed a complaint against Defendant RIBIP with the U.S. Department of Labor for unpaid overtime wages.

17. The U.S. Department of Labor thereafter contacted the Plaintiff in February 2006 to inform the Plaintiff that Defendant RIBI's lack of cooperation caused them to reduce the amount of the damages owed to the Plaintiff.

18. The Plaintiff thereafter declined to accept the proposed settlement terms and conditions presented by the U.S. Department of Labor.

19. Since the Plaintiff informed his supervisor of this violation of the law and an investigation by the U.S. Department of Labor ensued, Defendants steadily reduced the hours Plaintiff worked and eventually terminated him, without cause, on June 30, 2006.

20. Despite Defendants' knowledge of its obligation to pay the Plaintiff and other similarly situated employees their base hourly wage and overtime premiums as required by the FLSA and RIMWA, and Defendants' knowledge that the Plaintiff's and other similarly situated employees duties and/or the manner in which they were compensated rendered him a non-exempt employee, during the duration of the Plaintiff's and other similarly situated employees employment with the Defendants, Defendants knowingly and willfully refused to comply with their obligation to pay the Plaintiff and other similarly situated employees certain wages or overtime premiums for hours worked over forty (40) in any one workweek.

21. As a proximate result of Defendants' unlawful acts and/or omissions, including, but not limited to, those described herein, the Plaintiff and other similarly situated employees have suffered loss of wages and benefits due, expenses for legal services, and other great harm.

22. Defendants' retaliated against the Plaintiff by reducing the number of hours he worked, before terminating him, in violation of §215(a)(3) of the FLSA and the RIWPA.

23. As a proximate result of Defendants' discriminatory acts and/or omissions, including but not limited to those described herein, the Plaintiff has suffered and will continue to suffer loss of income.

## VI. Claims for Relief

24. The Plaintiff incorporates the allegations contained in ¶¶1 through 23 above in the counts set forth below.

**Count One**
**Violation of FLSA, 29 U.S.C. §206**

25. Defendants, by their acts and/or omissions, including, but not limited to, those described herein, violated the FLSA by failing or refusing to pay the Plaintiff and other similarly situated employees for all hours worked, thereby causing the Plaintiff and other similarly situated employees to suffer damages as aforesaid, for which he is entitled to relief pursuant to 29 U.S.C. §216(b).

**Count Two**
**Violation of FLSA, 29 U.S.C. §207**

26. Defendants, by their acts and/or omissions, including, but not limited to, those described herein, violated the FLSA by failing or refusing to pay the Plaintiff and other similarly situated employees overtime compensation for all work in excess of forty (40) hours performed in any one workweek, thereby causing the Plaintiff and other similarly situated employees to suffer damages as aforesaid, for which he is entitled to relief pursuant to 29 U.S.C. §216(b).

**Count Three**
**Violation of RIMWA, R.I.G.L. §28-12-1, *et seq.***

27. Defendants, by their acts and/or omissions, including, but not limited to, those described herein, violated the RIMWA by failing or refusing to pay the Plaintiff and other similarly situated employees for all hours worked, thereby causing the Plaintiff and other similarly situated employees to suffer damages as aforesaid, for which he is entitled to relief pursuant to R.I.G.L. §28-12-19.

**Count Four**
**Violation of RIMWA, R.I.G.L. §28-12-1, *et seq.***

28. Defendants, by their acts and/or omissions, including, but not limited to, those described herein, violated the RIMWA by failing or refusing to pay the Plaintiff and other

similarly situated employees overtime compensation for all work in excess of forty (40) hours performed in any one workweek, thereby causing the Plaintiff and other similarly situated employees to suffer damages as aforesaid, for which he is entitled to relief pursuant to R.I.G.L. §28-12-19.

**Count Five**
**Unlawful Discharge/Discrimination**

29. Defendants by their individual and concerted acts and/or omissions, including but not limited to reducing the number of hours the Plaintiff worked and subsequently terminating his employ, discriminated and retaliated against the Plaintiff, thereby violating 29 U.S.C. § 215 (a)(3), and causing the Plaintiff to suffer damages as foresaid, for which he is entitled to relief pursuant to 29 U.S.C. §216(b).

**Count Six**
**Unlawful Discharge/Discrimination**

30. Defendants by their individual and concerted acts and/or omissions, including but not limited to reducing the number of hours the Plaintiff worked and subsequently terminating his employment, discriminated and retaliated against the Plaintiff, in violation of the Rhode Island Whistleblowers' Protection Act, causing the Plaintiff to suffer damages as foresaid, for which he is entitled to relief pursuant to R.I.G.L. §§ 28-50-4 and 28-50-5.

## VII. Prayers for Relief

**WHEREFORE**, the Plaintiff pray that this Honorable Court grant the following relief:

1. A declaratory judgment declaring that the Defendants willfully violated the wage and overtime payment requirements under the FLSA and the RIMWA in the manner complained of herein.

2. In the alternative, a declaratory judgment declaring that the Defendants violated the wage and overtime payment requirements under the FLSA and the RIMWA in the manner complained of herein.

3. An award of liquidated damages pursuant to 29 U.S.C. §216(b).

4. An award of reasonable attorneys' fees and costs of litigation pursuant to 29 U.S.C. §216(b) and R.I.G.L. §28-12-19.

5. An award of other appropriate equitable relief pursuant to 29 U.S.C. §216(b).

6. An award of reinstatement, payment of back wages, full reinstatement of fringe benefits and seniority rights, actual damages, and attorneys' fees pursuant to R.I.G.L. § 28-50-5.

7. An award of such other and further relief as this Honorable Court deems just and proper.

## VIII. Demand for Jury Trial

The Plaintiff and other similarly situated employees hereby demand a trial by jury on all counts so triable.

## IX. Designation of Trial Counsel

The Plaintiff and other similarly situated employees hereby designate V. Edward Formisano, Esquire, and Gregory A. Mancini, Esquire as trial counsel.

**PLAINTIFF,**
By his attorneys,
**SINAPI, FORMISANO & COMPANY, LTD.**

V. Edward Formisano, Esq. (#5512)
Gregory A. Mancini (#5740)
100 Midway Place, Suite 1
Cranston, RI 02920-5707
Phone: (401) 944-9690
Facsimile: (401) 943-9040