UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAVID M. BATHGATE, on behalf of Himself and all other employees similarly situated<br>Plaintiff | : | |
| vs. | : | C.A. No. 06-456T |
| RHODE ISLAND BUREAU OF INVESTIGATION AND PROTECTION, LTD. BENJAMIN LUPOVITZ, SANFORD P. LUPOVITZ AND MICHAEL BRUGNOLI<br>Defendants | : | |

**DEFENDANTS RHODE ISLAND BUREAU OF INVESTIGATION AND PROTECTION, LTD., BENJAMIN LUPOVITZ, SANFORD P. LUPOVITZ AND MICHAEL BRUGNOLI ANSWER TO PLAINTIFF'S COMPLAINT**

NOW COME Defendants Rhode Island Bureau of Investigation and Protection, Ltd. (RIBIP), Benjamin Lupovitz, Sanford Lupovitz and Michael Brugnoli and for their answer to Plaintiff's complaint state as follows:

**Introduction**

Plaintiff's complaint includes an introductory statement to which no response is required. To the extend there are factual allegations contained in the introductory statement to Plaintiff's complaint, Defendants RIBIP, Benjamin Lupovitz, Sanford Lupovitz and Michael Brugnoli state that the statute referred

HAMEL, WAXLER, ALLEN & COLLINS
ATTORNEYS AND COUNSELLORS AT-LAW
387 Atwells Avenue
Providence, RI 02909
(401) 455-3800

to therein speaks for itself, and further deny the remaining allegations in the introductory statement to Plaintiff's Complaint.

**II Parties**

2. Defendants RIBIP, Benjamin Lupovitz, Sanford Lupovitz and Michael Brugnoli admit that Plaintiff was an employee of Defendant RIBIP. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the Complaint. Defendants deny the allegation that all of the named Defendants employed Plaintiff.

3. Defendants RIBIP, Benjamin Lupovitz, Sanford Lupovitz and Michael Brugnoli admit that RIBIP is a corporation duly organized and incorporated pursuant to the laws of the State of Rhode Island and maintains a regular place of business in the City of Providence, County of Providence, State of Rhode Island. Defendants admit that RIBIP was engaged in the practice of private security and investigation. Defendants admit that RIBIP was the plaintiff's employer. Plaintiff has failed to reasonably described or identify any allegedly "similarly situated employees" and as such Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations of other allegedly similarly situated employees in paragraph 3 of the Complaint.

4. Defendants RIBIP, Benjamin Lupovitz, Sanford Lupovitz and Michael Brugnoli admit that Defendant Benjamin Lupovitz was the president of Defendant RIBIP. Defendants admit that Benjamin Lupovitz was Plaintiff's

HAMEL, WAXLER, ALLEN & COLLINS
ATTORNEYS AND COUNSELLORS AT LAW
387 Atwells Avenue
Providence, RI 02909
(401) 455-3800

employer as that term is used in the case of Dole v. Elliott Travel and Tour Inc., 942 F.2d 862 (6th Cir. 1991). Plaintiff has failed to reasonably described or identify any allegedly "similarly situated employees" and as such Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations of other allegedly similarly situated employees in paragraph 4 of the Complaint.

5. Defendants RIBIP, Benjamin Lupovitz, Sanford Lupovitz and Michael Brugnoli admit that Defendant Sanford Lupovitz was employed by Defendant RIBIP. Defendants deny that Sanford Lupovitz had sufficient control over the corporation to be held liable as an employer under 29 U.S.C. §203(d). Plaintiff has failed to reasonably described or identify any allegedly "similarly situated employees" and as such Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations of other allegedly similarly situated employees in paragraph 5 of the Complaint.

6. Defendants RIBIP, Benjamin Lupovitz, Sanford Lupovitz and Michael Brugnoli admit that Defendant Michael Brugnoli was employed by Defendant RIBIP. Defendants deny that Michael Brugnoli had sufficient control over the corporation to be held liable as an employer under 29 U.S.C. §203(d). Plaintiff has failed to reasonably described or identify any allegedly "similarly situated employees" and as such Defendants are without knowledge or information

HAMEL, WAXLER, ALLEN & COLLINS
ATTORNEYS AND COUNSELLORS AT-LAW
387 Atwells Avenue
Providence, RI 02909
(401) 455-3800

sufficient to form a belief as to the truth of allegations of other allegedly similarly situated employees in paragraph 6 of the Complaint.

**III. Jurisdiction**

7. Defendants RIBIP, Benjamin Lupovitz, Sanford Lupovitz and Michael Brugnoli admit the allegations of paragraph 7.

**IV. Venue**

8. Defendants RIBIP, Benjamin Lupovitz, Sanford Lupovitz and Michael Brugnoli admit the allegations of paragraph 8.

**V. Material Facts**

9. Defendants admit that on occasion the Plaintiff was employed as a field manager by Defendant RIBIP. Defendants deny that Plaintiff's employment was limited to the position of field manager and specifically aver that Plaintiff was employed and assigned as a security guard and/or site supervisor during the tenure of Plaintiff's employment. Defendants admit that Plaintiff's responsibilities, depending on assignment, did on occasion include all of the employment responsibilities alleged by Plaintiff. Defendants deny that every assignment included all of the employment responsibilities alleged by Plaintiff. Defendants deny that paragraph 9 of Plaintiff's complaint fully or completely states the extent of Plaintiff's duties or responsibilities as an employee of Defendant RIBIP. Defendants deny the allegation that all of the named Defendants employed Plaintiff.

HAMEL, WAXLER, ALLEN & COLLINS
ATTORNEYS AND COUNSELLORS AT LAW
387 Atwells Avenue
Providence, RI 02909
(401) 455-3800

10. Defendants RIBIP, Benjamin Lupovitz, Sanford Lupovitz and Michael Brugnoli admit that Defendant RIBIP has employed other employees with the title of field manager, site supervisor and security guard and that said employees had similar job responsibilities as Plaintiff. Plaintiff has failed to reasonably describe or identify any allegedly "similarly situated employees" and as such Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations of other allegedly similarly situated employees in paragraph 10 of the Complaint. Defendants deny the allegation that all of the named Defendants were employers of RIBIP personnel.

11. Defendants RIBIP, Benjamin Lupovitz, Sanford Lupovitz and Michael Brugnoli admit that Plaintiff as an employee of Defendant RIBIP was engaged in commerce within the meaning of Sections 3(b), 3(j) and 6(a) and 7(a) of the FLSA. Plaintiff has failed to reasonably describe or identify any allegedly "similarly situated employees" and as such Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations of other allegedly similarly situated employees in paragraph 11 of the Complaint. Defendants deny the allegations that all of the named Defendants employed Plaintiff.

12. No response is required to the allegations of paragraph 12 as the referenced statutes speak for themselves. To the extent that an answer is required,

HAMEL, WAXLER, ALLEN & COLLINS
ATTORNEYS AND COUNSELLORS AT-LAW
387 Atwells Avenue
Providence, RI 02909
(401) 455-3800

Defendants states that to the extent that the allegation herein applies only to those employees that are not exempt from the FLSA and RIMWA, Defendants RIBIP, Benjamin Lupovitz, Sanford Lupovitz and Michael Brugnoli admit the allegation contained in paragraph 12 of the Complaint. With respect to those exemptions contained in the FLSA and RIMWA, Defendants deny the allegations of Paragraph 12 of Plaintiff's complaint.

13. Defendants RIBIP, Benjamin Lupovitz, Sanford Lupovitz and Michael Brugnoli admit that Plaintiff was paid on an hourly basis by RIBIP. Plaintiff has failed to reasonably describe or identify any allegedly "similarly situated employees" and as such Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations of other allegedly similarly situated employees in paragraph 13 of the Complaint. Defendants deny the allegation that all of the named defendants employed Plaintiff.

14. Defendants RIBIP, Benjamin Lupovitz, Sanford Lupovitz and Michael Brugnoli deny that employees were required to work in excess of 40 hours per week. Defendants admit that on occasion various employees did work in excess of 40 hours per week. Defendants deny that Defendant RIBIP has failed to offer to pay to Plaintiff sums at a rate of time and a half for all hours worked in excess of 40 hours per week. Defendants admit that Plaintiff has refused to accept and cash the check(s) which Defendant RIBIP has submitted for the payment of time and a half for hours worked in excess of 40 hours per week. Defendants deny that

HAMEL, WAXLER, ALLEN & COLLINS
ATTORNEYS AND COUNSELLORS AT-LAW
387 Atwells Avenue
Providence, RI 02909
(401) 455-3800

any other employee exclusive of Plaintiff has not been compensated at a rate of time and one half for hours worked in excess of 40 hours per week. Defendants deny the allegation that all of the named Defendants employed Plaintiff.

15. Defendants RIBIP, Benjamin Lupovitz, Sanford Lupovitz and Michael Brugnoli are without knowledge or information sufficient to form a belief as to the truth of allegations of paragraph 15 of the Complaint.

16. Defendants RIBIP, Benjamin Lupovitz, Sanford Lupovitz and Michael Brugnoli are without knowledge or information sufficient to form a belief as to the truth of allegations of paragraph 16 of the Complaint.

17. Defendants RIBIP, Benjamin Lupovitz, Sanford Lupovitz and Michael Brugnoli are without knowledge or information sufficient to form a belief as to the truth of allegations of paragraph 17 of the Complaint. Defendants specifically deny that any Defendant failed to cooperate with the U.S. Department of Labor.

18. Defendants RIBIP, Benjamin Lupovitz, Sanford Lupovitz and Michael Brugnoli are without knowledge or information sufficient to form a belief as to the truth of allegations of paragraph 18 of the Complaint.

HAMEL, WAXLER,
ALLEN & COLLINS
ATTORNEYS AND
COUNSELLORS AT-LAW
387 Atwells Avenue
Providence, RI 02909
(401) 455-3800

19. Defendants RIBIP, Benjamin Lupovitz, Sanford Lupovitz and Michael Brugnoli deny the allegations contained in paragraph 19 of the complaint, inclusive.

20. Defendants RIBIP, Benjamin Lupovitz, Sanford Lupovitz and Michael Brugnoli deny the allegations contained in paragraph 20 of the complaint, inclusive.

21. Defendants RIBIP, Benjamin Lupovitz, Sanford Lupovitz and Michael Brugnoli deny the allegations contained in paragraph 21 of the complaint, inclusive.

22. Defendants RIBIP, Benjamin Lupovitz, Sanford Lupovitz and Michael Brugnoli deny the allegations contained in paragraph 22 of the complaint, inclusive.

23. Defendants RIBIP, Benjamin Lupovitz, Sanford Lupovitz and Michael Brugnoli deny the allegations contained in paragraph 23 of the complaint, inclusive.

**VI. Claims for Relief**

24. Defendants RIBIP, Benjamin Lupovitz, Sanford Lupovitz and Michael Brugnoli reassert and incorporate by reference their responses to paragraphs 1 through 23 of the Complaint, inclusive, as though fully set forth therein.

HAMEL, WAXLER, ALLEN & COLLINS
ATTORNEYS AND COUNSELLORS AT-LAW
387 Atwells Avenue
Providence, RI 02909
(401) 455-3800

**Count One**
**Violation of FLSA, 29 U.S.C. § 206**

25. Defendants RIBIP, Benjamin Lupovitz, Sanford Lupovitz and Michael Brugnoli deny the allegations contained in paragraph 25 of the complaint.

**Count Two**
**Violation of FLSA, 29 U.S.C §207**

26. Defendants RIBIP, Benjamin Lupovitz, Sanford Lupovitz and Michael Brugnoli deny the allegations contained in paragraph 26 of the complaint.

**Count Three**
**Violation of RIMWA, R.I.G.L §28-12-1, et. seq.**

27. Defendants RIBIP, Benjamin Lupovitz, Sanford Lupovitz and Michael Brugnoli deny the allegations contained in paragraph 27 of the complaint.

**Count Four**
**Violation of RIMWA, R.I.G.L §28-12-1, et. seq.**

28. Defendants RIBIP, Benjamin Lupovitz, Sanford Lupovitz and Michael Brugnoli deny the allegations contained in paragraph 28 of the complaint.

**Count Five**
**Unlawful Discharge/Discrimination**

29. Defendants RIBIP, Benjamin Lupovitz, Sanford Lupovitz and Michael Brugnoli deny the allegations contained in paragraph 29 of the complaint.

HAMEL, WAXLER, ALLEN & COLLINS
ATTORNEYS AND COUNSELLORS AT-LAW
387 Atwells Avenue
Providence, RI 02909
(401) 455-3800

**Count Six**

**Unlawful Discharge/Discrimination**

30. Defendants RIBIP, Benjamin Lupovitz, Sanford Lupovitz and Michael Brugnoli deny the allegations contained in paragraph 30 of the complaint.

**Affirmative and Other Defenses**

For further answer to the Complaint and by way of affirmative defense, Defendants RIBIP, Benjamin Lupovitz, Sanford Lupovitz and Michael Brugnoli state:

**First Additional Defense**

Defendant RIBIP has paid all sums due to Plaintiff.

**Second Additional Defense**

Defendants RIBIP, Benjamin Lupovitz, Sanford Lupovitz and Michael Brugnoli, in good faith, believed Plaintiff, as a supervisor, was exempt from overtime provisions.

**Third Additional Defense**

Plaintiff's alleged complaint to the Unites States Department of Labor was not the proximate cause of any adverse employment action. Plaintiff's employment was terminated after numerous violations of the employee code, including, but not limited to: racial slurs, failure to attend meetings and failure to show up for work, unsatisfactory performance and dishonesty.

HAMEL, WAXLER, ALLEN & COLLINS
ATTORNEYS AND COUNSELLORS AT-LAW
387 Atwells Avenue
Providence, RI 02909
(401) 455-3800

**Fourth Additional Defense**

The damages Plaintiff seeks to recover are in excess of those provided under the Fair Labor Standards Act.

**Fifth Additional Defense**

Plaintiff has failed to mitigate damages associated with his unemployment.

**Sixth Additional Defense**

Plaintiff is not entitled to liquidated damages as Defendants RIBIP, Benjamin Lupovitz, Sanford Lupovitz and Michael Brugnoli acted in good faith and did not willfully or knowingly violate the Fair Labor Standards Act.

**Seventh Additional Defense**

Defendants RIBIP, Benjamin Lupovitz, Sanford Lupovitz and Michael Brugnoli assert the affirmative defense that the Complaint fails to state any claim against the Defendants upon which any relief, whether compensatory, exemplary, punitive or otherwise can be granted.

**Eighth Additional Defense**

Defendants RIBIP, Benjamin Lupovitz, Sanford Lupovitz and Michael Brugnoli do not know, nor have the Defendants ever known, who filed the

HAMEL, WAXLER, ALLEN & COLLINS
ATTORNEYS AND COUNSELLORS AT-LAW
387 Atwells Avenue
Providence, RI 02909
(401) 455-3800

above-referenced complaint with the U.S. Department of Labor, and thus the adverse employment action was not and could not be related to any report made by Plaintiff to the U.S. Department of Labor.

**Ninth Additional Defense**

Defendants RIBIP, Benjamin Lupovitz, Sanford Lupovitz and Michael Brugnoli assert the affirmative defense that under the laws applicable in this case and to the extent claimed by Plaintiffs, no punitive damages (punitive damages are specifically referenced in paragraph 1 of Plaintiff's complaint) can be recovered by Plaintiffs as punitive damages are appropriate only when there is proof that the acts complained of were done with malice and bad faith and with the intent to cause harm.

**Tenth Additional Defense**

Defendants RIBIP, Benjamin Lupovitz, Sanford Lupovitz and Michael Brugnoli assert the affirmative defense that to the extent Plaintiffs seek to impose punitive damages, any such claim for punitive damages would be unconstitutional under the United States Constitution and applicable provisions of the Rhode Island State Constitution and unlawful under applicable State statutes to the extent that, among other things: (1) Defendants' liability for punitive damages and the appropriate amount of punitive damages are not required to be established by clear and convincing evidence; (2) punitive damages are sought to be awarded without bifurcating the trial of all punitive

HAMEL, WAXLER, ALLEN & COLLINS
ATTORNEYS AND COUNSELLORS AT-LAW
387 Atwells Avenue
Providence, RI 02909
(401) 455-3800

damages issues; (3) any award of punitive damages is sought with no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive damages that the court or a jury may impose; (4) any award of punitive damages is based on anything other than Defendants' alleged conduct in connection with the transaction at issue in this lawsuit; or (5) an award of punitive damages is sought for the purpose of compensating Plaintiffs for elements of damage not otherwise recognizable by applicable State law.

**Eleventh Additional Defense**

Defendants RIBIP, Benjamin Lupovitz, Sanford Lupovitz and Michael Brugnoli assert the affirmative defense that to the extent Plaintiffs seeks to impose punitive or exemplary damages, Plaintiff's claims for punitive or exemplary damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution., the Commerce Clause of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of the State of Rhode Island. Any law, statute or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide the discretion used in determining whether to award punitive damages; (2) is void for vagueness in that it fails to provide adequate

HAMEL, WAXLER,
ALLEN & COLLINS
ATTORNEYS AND
COUNSELLORS AT-LAW
387 Atwells Avenue
Providence, RI 02909
(401) 455-3800

advance notice as to what conduct will result in punitive damages; (3) unconstitutionally may permit recovery of punitive damages in any amount that is not both reasonable and proportionate to the amount of harm, if any to Plaintiffs and to the amount of compensatory damages, if any (4) unconstitutionally may permit consideration of net worth or other financial information; (5) does not expressly prohibit awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of individually discriminatory characteristics, including the corporate status of Defendant RIBIP; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages award; (7) lacks constitutionally sufficient standards for appellate review of any punitive damages award; and (8) otherwise fails to satisfy Supreme Court precedent.

## VI Prayer for Relief

**WHEREFORE,** Defendants RIBIP, Benjamin Lupovitz, Sanford Lupovitz and Michael Brugnoli pray that:

(a) the Complaint be dismissed with prejudice as to Defendants RIBIP, Benjamin Lupovitz, Sanford Lupovitz and Michael Brugnoli;

(b) Plaintiff's demand for relief against RIBIP, Benjamin Lupovitz, Sanford Lupovitz and Michael Brugnoli be denied in every respect;

(c) Defendants RIBIP, Benjamin Lupovitz, Sanford Lupovitz and Michael Brugnoli be awarded attorney's fees; and

HAMEL, WAXLER, ALLEN & COLLINS
ATTORNEYS AND COUNSELLORS AT-LAW
387 Atwells Avenue
Providence, RI 02909
(401) 455-3800

(d) The court grant such other and further relief to Defendants as may be just, proper and equitable.

**Demand for Jury**

The Defendants hereby demand a trial by jury on all counts so triable.

**Designation of Trial Counsel**

The Defendants hereby designate Eva Marie Mancuso, Esq. as trial counsel.

Defendants,
By their Attorneys
HAMEL, WAXLER,
ALLEN & COLLINS

/s/Eva Marie Mancuso
Eva Marie Mancuso #3564
Hamel, Waxler,
Allen & Collins
387 Atwells Avenue
Providence, RI 02909
401-455-3800
401-455-3806

**Certification**

I hereby certify that an exact copy of the within document was electronically mailed to the Electronic Case Filing System of the United States District Court for its distribution to all counsel of record and a copy was electronically mailed to the following.

- V. Edward Formisano
  SFC@SFCLAW.COM

HAMEL, WAXLER,
ALLEN & COLLINS
ATTORNEYS AND
COUNSELLORS AT-LAW
387 Atwells Avenue
Providence, RI 02909
(401) 455-3800